FILED 16 MAY '11 14:41 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LEO PERTH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 11-361-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    At the outset of this ruling, the court notes that plaintiff is a federal employee, and defendant United States of America has been substituted for Robert Schmelz under 28 U.S.C. § 2679(d)(2). This substitution has occurred pursuant to a certification made by the United States Attorney for the District of Oregon that found that Schmelz – also a federal employee – was acting within the scope of his federal employment when he caused an automobile accident that injured plaintiff.

    Defendant United States (after the certification and substituting for Schmelz) removed this action to this court, and now moves to dismiss the action for lack of subject matter jurisdiction. Defendant argues that because this is a tort action between two federal employees who were acting within the scope of their employment at the time of the accident, the Federal

1 -- OPINION AND ORDER

Employee Compensation Act (FECA) is the exclusive remedy available to plaintiff for recovery against the United States for on-duty injuries.

Plaintiff's Response is construed as a challenge to the certification issued by the United States Attorney. For the following reasons, defendant's Motion to Dismiss [5] is denied.

## BACKGROUND

There is little in dispute regarding the facts alleged by plaintiff in this case. Plaintiff is a federal government employee at the Bonneville Power Administration. On November 18, 2008, plaintiff was driving west on State Route 6 in Tillamook County, Oregon, for work-related purposes when his government-owned truck was struck by a government-owned van driven east by United States Army Sergeant First Class Robert Schmelz, who is also a federal government employee. Police records establish that Schmelz was driving too fast for the conditions, crossed the center line while negotiating a curve on Route 6, and collided head-on into plaintiff's vehicle. At the scene, Schmelz told an investigating law enforcement officer that he was hurrying to see his son who was in a hospital. Schmelz was cited for careless driving.

Plaintiff initiated a worker's compensation claim for his injuries, and sued Schmelz in his individual capacity in state court. On March 23, 2010, the United States Attorney for the District of Oregon certified that Schmelz was acting in the scope of his federal employment at the time of the accident.

## STANDARDS

A federal statute referred to as the Westfall Act immunizes United States employees from liability for their "negligent or wrongful act[s] or omission[s] . . . while acting within the scope of [their] office or employment." 28 U.S.C. § 2679(b)(1). The Attorney General certifies whether a United States employee was acting within the scope of his or her employment at the time of an

2 -- OPINION AND ORDER

event giving rise to a civil claim. 28 U.S.C. § 2679(d)(1), (2). Once certification is given in a civil action, this statute requires the substitution of the United States as the defendant, and, if the action was originally filed in state court, the removal of the action to federal court. *Id.* The successful substitution of the United States leaves a plaintiff with a single avenue of recovery, the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq.*, 28 U.S.C. § 2679(d)(4).

The Attorney General's scope of employment certification is subject to *de novo* review in the district court. *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 993) (citing *Meridian Int'l. Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir.1991)). The party seeking review of the certification bears the burden of presenting evidence and disproving the Attorney General's decision regarding the certification by a preponderance of the evidence. *Id.* (citations and quotation omitted); *see also Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) ("Certification by the Attorney General is *prima facie* evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged. The party seeking review bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence.") (citation omitted).

In reviewing a scope of employment certification, courts look to the principles of *respondeat superior* as articulated in the law of the state where the alleged tort occurred – in this case, Oregon. *Clamor v. United States*, 240 F.3d 1215, 1217 (9th Cir. 2001) (citation and footnote omitted); *see also Xue Lu v. Powell*, 621 F.3d 944, 948 (9th Cir. 2010) (citing *Williams v. United States*, 350 U.S. 857 (1955)). The Oregon Supreme Court has recognized three requirements that must be met to conclude that an employee was acting within the scope of employment: "(1) whether the act occurred substantially within the time and space limits authorized by the employment; (2) whether the employee was motivated, at least partially, by a

3 -- OPINION AND ORDER

purpose to serve the employer; and (3) whether the act is of a kind which the employee was hired to perform." *Chesterman v. Barmon*, 753 P.2d 404, 406 (Or. 1988).

## DISCUSSION

Defendant suggests that the "essential question here" is whether plaintiff suffered his injuries while in the performance of his federal employment. Mem. Supp. at 6. This is incorrect. There is no dispute that plaintiff was acting within the scope of his federal employment at the time that he suffered injuries as a result of Schmelz's careless driving. Plaintiff's responsive briefing to defendant's motion to dismiss instead challenges the Attorney General's certification that *Schmelz* was acting within the scope of his federal employment when he injured plaintiff. This challenge is well-taken.

At the time of the accident, Schmelz reported to law enforcement officers that he was "in a hurry to to get to the hospital to see his son." Ex. 1 to Declaration of James E. Cox, Jr., in Support of Defendant's Motion to Dismiss, p.2. This statement creates substantial issues of fact as to whether the accident caused by Schmelz's careless driving occurred substantially within the time and space limits authorized by the employment, while he was motivated, at least partially, by a purpose to serve his employer.

The court acknowledges that Schmelz has submitted a Declaration through defense counsel that contradicts what he told the investigating officer at the accident scene. He now asserts that on the day of the accident his wife had telephoned him and "expressed a great deal of unhappiness" with his decision to leave his son at the hospital and go to work, but that after speaking with her he intended to return the government vehicle he was driving to the Hillsboro recruiting station where he worked and then fulfill a work appointment that afternoon. Declaration of Robert W. Schmelz in Support of Defendant's Motion to Dismiss, ¶ 6.

4 -- OPINION AND ORDER

Notwithstanding this recent declaration – the self-serving nature of which cannot be overlooked – plaintiff's challenge compels an evidentiary hearing to review the propriety of the certification at issue. *See McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir. 2001) (an evidentiary hearing may be warranted if after viewing the evidence in the light most favorable to the party challenging the certification, the propriety of dismissing pursuant to the Westfall Act is questionable).

Accordingly, defendant's Motion to Dismiss must be denied. Counsel are ordered to confer and to prepare a Joint Status Report outlining agreed-upon parameters for conducting an evidentiary hearing for purposes of resolving plaintiff's challenge to the certification at issue. This Report shall provide the court with proposals for necessary discovery prior to the hearing, and proposed dates and times for the hearing. After appropriate discovery is conducted, counsel will be required to file pre-hearing briefs, identifying anticipated witnesses and brief summaries of their testimony, exhibits, and memoranda in support.

## CONCLUSION

For the reasons provided, defendant's Motion to Dismiss [5] is denied. Counsel shall confer and file a Joint Status Report in accordance with this Opinion and Order no later than June 24, 2011.

IT IS SO ORDERED.

DATED this 16 day of May, 2011.

Ancer L. Haggerty
United States District Judge

5 -- OPINION AND ORDER